IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS HOUSTON DISTRICT

JURY

CIVIL ACTION CAUSE NO. **H-13-1357**

CARL POOLE, PLAINTIFF

VS.

THE UNITED STATES OF AMERICA, DEFENDANT

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Carl Poole, Plaintiff, to file this his Original Petition.

Plaintiff would offer the following in support of his complaint:

### 1. Parties

A. Plaintiff, Carl Poole, is an individual residing in Harris County, Texas who is a patient/employee of Michael E. DeBakey Veterans Hospital, "MEDVA", which is also situated in Houston, Harris County, Texas.

B. Defendant in this lawsuit is the United States of America. Service upon Defendant may be had electronically or by delivering a certified copy of the Summons and Complaint to the following officials of the United States of America:

   A. The Honorable Eric Holder
      U. S. Attorney General
      Department of Justice
      950 Pennsylvania Avenue, N. W.
      Washington, D. C. 20530

   B. The Honorable Kenneth Magidson
      U. S. Attorney for the Southern District of Texas
      1000 Louisiana, Suite 2300
      Houston, Texas 77002

   C. The Honorable Eric K. Shinseki
      U. S. Secretary of Veterans Affairs
      810 Vermont Avenue
      Washington, DC 20420

## 2. JURISDICTION

This Honorable Court has jurisdiction over this lawsuit under the provisions of 28 U.S.C. Section 1346 (b) because employee(s) of the United States of America, while acting within the scope of their employment, were able to access Plaintiff's medical records at MEDVA as a result of the negligence of supervisory personnel at MEDVA, and/or, the negligence of agents and agencies of the United States of America responsible for securing plaintiff's medical records at MEDVA. These supervisory employee/agents/agencies failed to establish reasonable rules, regulations, policies and procedures to protect against improper access to Plaintiff's medical records, and those of other Veteran/Patients, at MEDVA.

## 3. VENUE

Venue is proper in the Southern District of Texas because plaintiff is a resident of Houston, Harris County, Texas. MEDVA, the agency of the United States of America where the incident which is the basis of Plaintiff's lawsuit occurred, also happens to be situated in Houston, Harris County, Texas.

## 4. CONDITIONS PRECEDENT

Plaintiff has previously presented his claim to the Secretary of Veterans Affairs who denied Plaintiff's claim. See Exhibit "A" which is attached hereto and made a part hereof.

## 5. FACTS AND CLAIMS UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff is an employee/patient at MEDVA an agency of the United States of America. Plaintiff is also an honorably discharged veteran of the United States Army who suffers from a service connected disability.

Salma Fleming, an employee and agent of Defendant at MEDVA, was able to access and breach five veteran employee/patients medical records on file at MEDVA on seventeen occasions in the period between January 2009 and January 2011. Ms. Fleming's privacy violations, and the resulting torts committed against Plaintiff, demonstrate a habitual pattern of patient abuse and disregard of their Privacy – See Exhibit B which is attached hereto and made a part hereof. Her actions also violated Medical Center Policy Memorandum No. 11-012 (Code of Ethical Behavior). Ms. Fleming's actions were also in violation of relevant Texas laws which

are made applicable to this case under provisions of the Federal Tort Claims Act because Texas is the State where the torts committed against Plaintiff occurred and, as such, its laws govern the resolution of the case at bar.

Michael Spence, another employee at MEDVA, also breached and published Plaintiff's medical records which were on file at MEDVA.

While the actions of Ms. Fleming and Mr. Smith were intentional, they could have been prevented if the supervisory personnel at MEDVA and other and agents and agencies of Defendant had established and put into to place reasonable procedures and policies to prevent such access to and publication of Plaintiff's medical records and those of the other veteran/patients at MEDVA.

Exhibits "A" and "B" are duplicate copies of records obtained by Plaintiff and/or his attorney from Defendant's agents soon after their creation. – See Exhibit "C" which is attached hereto and made a part hereof.

Section 159.002 (a) (b) (c) of the Texas Occupation Code, Section 241.151 (2) of the Texas Health and Safety Code Ann, Chapter 165, of the Texas Medical Board Rules, Texas Rules of Evidence 509(c), other relevant laws of the State of Texas, and, Decisions of Texas Courts, should be considered by the Court in reaching a decision in this case. The Health Insurance Portability and Accountability Act 42 U.S.C. Section 1320 d -2 (see also Section c-2) is made applicable to resolution of this lawsuit by specific reference to it in the Texas Medical Board Rules Chapter 165. Defendant and its agents, agencies and employees were negligent under the provisions of each of these acts because they failed to properly secure Plaintiff's Medical records at MEDVA which had been prepared by physicians during their recordation of Plaintiff's medical history, their medical testing and their diagnosis of Plaintiff's condition in preparation for their treatment of plaintiff.

Ms. Flemings and Mr. Spence published and discussed very sensitive portions of Plaintiff's medical records with other employees, and patients at MEDVA. This caused Plaintiff to suffer severe emotional distress, embarrassment, shock and mental injury for which he is entitled to recover damages from the Defendant under the laws of the United State and of the

State of Texas because a private person would be liable to plaintiff for the damages resulting from the acts of Defendant's agents which are described herein above and below.

## 6. DAMAGES

As a direct and proximate cause and result of defendant's negligence, plaintiff suffered the following injuries and damages:

a. Severe emotional and mental pain and injury and emotional distress in the past, present and future.
b. Mental anguish in the past, present and future.
c. Personal embarrassment in the past, present and future.
d. Loss consortium in the past, present and future.
e. Medical expenses in the past, present and future.

## 7. JURY TRIAL

Plaintiff requests a Jury Trial.

## 8. PRAYER

On the basis foregoing allegations plaintiff would respectfully request judgment against defendant as follows:

A. Actual damages in the amount of $125,000.00.
B. All costs of this lawsuit.
C. Prejudgment and post judgment and interest.
D. Plaintiff requests a jury trial; and
E. Any and all other relief to which the court finds plaintiff to be entitled to.

Respectfully submitted,

By: *Isaac E. Henderson*
ISAAC E. HENDERSON
P.O. Box 711265
Houston, Texas 77271-0682
Tel: (713) 668-7885
Fax: (713) 668-8015
State Bar No. 09422000

# EXHIBIT "A"



**DEPARTMENT OF VETERANS AFFAIRS**
Office of the Regional Counsel
120 LeBrun Road
Buffalo, NY 14215
TEL: (716) 862-8853
FAX: (716) 862-6545

CERTIFIED MAIL, RETURN RECEIPT REQUESTED

In Reply Refer To: 02-BUF(JGM)

January 15, 2013

Isaac E. Henderson
Attorney at Law
P.O. Box 711265
Houston, Texas 77271-1265

Subject: Request for Reconsideration - Administrative Tort Claim of Carl Poole

Dear Mr. Henderson:

This is to acknowledge receipt of your letter dated October 12, 2012, requesting reconsideration of Mr. Poole's administrative tort claim that was previously denied by the Department of Veterans Affairs (VA) Office of Regional Counsel, Houston, Texas (Region 14), by letter from Regional Counsel Andree Boudreaux dated September 19, 2012. The claim alleged in part violation of several Federal statutes, after two employees of the Michael E. DeBakey VA Medical Center located in Houston, Texas purportedly accessed your client's private medical information.

Please be advised that we have completed reconsideration of the denial of this administrative tort claim. This letter constitutes final administrative action on your request for reconsideration.

In reviewing any request for reconsideration, we are bound to follow the applicable laws, rules and procedures when taking final administrative action. However, based on a careful and thorough review of the information available for our consideration, we affirm the original denial of Mr. Poole's administrative tort claim that was previously denied by the Department of Veterans Affairs (VA) Office of Regional Counsel, Houston, Texas (Region 14). Accordingly, please be advised that the claim of Mr. Poole is again denied upon reconsideration.

If you are dissatisfied with this decision, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Notwithstanding the above, this is not intended to imply that any such suit, if filed, would be successful.

Sincerely,

*[signature]*

JOSEPH G. MORENO
Regional Counsel

Copy furnished:  VA Office of Regional Counsel; Houston, TX (Region 14)
                  Super Collaborative Torts Pilot Director
                        c/o VA Office of Regional Counsel; Brooklyn, NY (Region 2)

# EXHIBIT "B"

Department Of
Veterans Affairs

MEMORANDUM

Date: 8/9/2011

From: Anthony R. Morris, LCSW, Domiciliary Chief

Subj: Supervisory Fact Finding

To: Laura Marsh, Mental Health Executive
Aruna Gottumukkala, Clinical Deputy Executive

**PURPOSE:** To investigate an allegation of breech of patient confidentiality by Michael E. DeBakey VA Medical Center employees Salma Fleming, domiciliary tech, and Michael Spence, domiciliary tech, toward Veteran employee/patient Carl Poole.

**BACKGROUND:** On July 26, 2011, Veteran employee/patient Carl Pool reported he obtained his medical records sensitive record report to determine whether or not his privacy had been breached by management or coworkers.

**FINDINGS:** During the course of the fact finding, the following individuals were interviewed to determine the extent/nature of the alleged privacy violation: Carl Pool, domiciliary tech, ▮▮▮▮▮▮▮, domiciliary tech, Salma Fleming, domiciliary tech, Michael Spence, domiciliary tech, ▮▮▮▮▮▮▮ peer support tech, Solomon Green, domiciliary recreation therapist, LaDonna Latham, domiciliary vocational rehab specialist, Elizabeth Kleeman, domiciliary social worker, and John Shike, domiciliary contract security officer. In addition, this investigator reviewed the following employees' medical records sensitive record reports in order to identify additional breaches[1]: Carl Pool, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and ▮▮▮▮▮▮▮

a. Per review of the sensitive record reports, Ms. Salma Fleming breached five Veteran employees/patients medical records to include the following: Carl Pool, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and ▮▮▮▮▮▮▮

b. Ms. Fleming had seventeen privacy violations starting in January 2009 to January 2011. Mrs. Fleming's privacy violations demonstrated a habitual pattern of abuse and disregard for the Privacy Act of 1974 and her coworkers' privacy. Her actions violated Medical Center Policy Memorandum No.

---

[1] A sensitive record report for a former dom employee is pending review by the Privacy Officer and this investigator. Therefore, I will provide an addendum if there is any new information regarding infractions.

04.HIMS-003 (Privacy Policy) and Medical Center Policy Memorandum No. 11-012 (Code of Ethical Behavior).

c. Ms. Fleming claims that she breached Mr. Pool's and ▇▇▇▇▇ medical records because she feared for her life. She further alleged that she reported her concerns to Mrs. Mary Lou Heater, Previous Dom Chief, and nothing was done. Therefore, she reviewed their medical records because "I wanted to know what I was dealing with." Based upon staff interviews, Ms. Fleming claims are unfounded and could not be corroborated.

d. Ms. Fleming was asked whether or not she reviewed other Veteran employees/patients records and denied that she had reviewed other medical records inappropriately. However, this investigator requested ten Veteran employees/patients sensitive record reports and discovered three additional staff breaches by Ms. Fleming.

e. Based upon staff interviews, it was discovered that Ms. Fleming had discussed Veteran employee/patient Carl Pool's health information with Mr. John Shike. Officer Shike reports that Ms. Fleming told him that Mr. Pool had a psychiatric diagnosis and was on medication. He also reports she said, he was "a loony, loud mouth, trouble maker, and mentally disabled" from what she read in his medical records. Her actions not only violated the Privacy Act of 1974 but are also considered patient abuse of Veteran employee/patient Mr. Carl Pool.

f. Per review of the "sensitive record reports," Mr. Michael Spence breeched three Veteran employees/patients medical records to include Carl Pool, ▇▇▇ and ▇▇▇▇▇▇▇. Mr. Michael Spence had two privacy violations in 2010. His actions violated Medical Center Policy Memorandum No. 04.HIMS-003 (Privacy Policy) and Medical Center Policy Memorandum No. 11-012 (Code of Ethical Behavior).

**RECOMMENDATIONS:**

1. Request appropriate action for Salma Fleming, domiciliary tech, for the following: seventeen violations of the Privacy Act of five Veteran employees/patients, patient abuse of Veteran employee/patient Carl Pool, concealment of material facts in connection with this investigation, making false statements that are slanderous about Veteran employee/ patient Pool, and ongoing conduct that is unbecoming of a federal employee.

2. Request appropriate action for Michael Spence, domiciliary tech, for his two violations of the Privacy Act and conduct that is unbecoming of a federal employee.

3. Recommend Medical Records review Michael E. DeBakey Medical Center's process for securing and maintaining the health information of all Veteran employees/patients to prevent repeated unauthorized access to patient information. It is evident that the current process needs improvement as Veteran employees/patients health information was reviewed over a two year period without any administrative actions until the employee notified administration.

August 02, 2011

## JOHN SHIKE'S STATEMENT OF FACTS

I am John R. Shike, United States citizen over the age of 21 years with a sound mind. I am giving this factual statement on my free will. The facts in this statement are true and nothing than the truth so help me God.

On my 2nd day to work at the Houston V.A. Domiciliary as Security Officer my SGT. Easley introduced me with MS. Salima Fleming a Tec worker at the Houston V.A. Domiciliary. From very first night I noticed her abrasive behavior with V.A. resident. She often insulted them and called then "mentally retorted, free loaders bombs, burden to our country on the name of veterans. I could not believe that she is working for V.A. and yet calling them names. One day I have some heated conversation with another VA Tec, Mr. Carl Poole. When Mr. Poole left the office for cigarette brake, Ms. Salima Fleming said to me "Mr. Shike don't pay any attention to Mr. Poole, he is a loony, no body likes him; he is a loud mouth and known as a trouble maker". She further told me that she has a personal knowledge that he is suffering from Bipolar Disorder and has been put on the medication; she said he was a part of the mentally Disable veteran's program. I asked her how you know. She said don't you worry about it. I am telling you the truth because I have seen his medical record. I asked her how she got hold to his medical records. She it's none of my business and went on to say I am telling you the truth. She further said Mr. Poole is no longer using V.A. medical program and he is going through his wife's medical insurance so he can hide his medical problems. She went on to say that his mental problem was the reason why he was not getting any other job at the V.A. On his working day when Mr. Pool arrived at work she use to say watch out the world here comes the loony.

I further testify that Ms. Salima Fleming is not only a dishonest worker, she is also a thief. Just about at every night she stool food from the V.A. kitchen and used V.A. paper to print hundreds of copies for her nursing class. If you need any further elaboration on this matter then please feel free to call on me at any time.

Sincerely yours

John R. Shike
Chief of Security & Investigations
Astro Security & Infestations
P.O.Box 720650 Houston, TX  77272
(281) 394-4337

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF TEXAS HOUSTON DISTRICT

JURY

CIVIL ACTION CAUSE NO._____

CARL POOLE, PLAINTIFF

VS.

THE UNITED STATES OF AMERICA, DEFENDANT


STATE OF TEXAS

COUNTY OF HARRIS

    BEFORE ME, the undersigned Notary Public, personally came and appeared CARL POOLE, "Plaintiff", who after first being properly identified and sworn by me did depose and say that:

    He is the Plaintiff in the lawsuit to which this Affidavit is attached and marked Exhibit "C".

    He has personal knowledge of the factual allegations made in his lawsuit.

    Exhibits "A" and "B", which are attached to his Original Petition, are duplicate copies of the original documents which he and /or his attorney received from authorized agents of Defendant shortly after their creation.

_____
CARL POOLE

SWORN TO AND SUBSCRIBED before me on the __8th__ day of May 2013

_____
NOTARY PUBLIC OF TEXAS

DORIS M. CONEY
My Commission Expires
January 14, 2017